NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

July 8, 2016

**ERRATUM**

---

Appeal No. 2016-1432

---

**IN RE: VICTOR GORELIK, TATIANA GORELIK, NATALIA HANSON,**
*Appellants*

Decided: June 14, 2016
Nonprecedential Opinion

---

Please make the following change:

On page 8, lines 1–10, delete:

> Indeed, the specification notes that "[v]arious modifications will become apparent to those skilled in the art after having read this disclosure," and provides an example modification to the lid, noting that an "analyzer can be made of several lids of increasing radiuses . . . ." '812 Application ¶ [0023]. This recognition of an embodiment with stacked flat lids at minimum suggests Gorelik's proposed defini-

tion of "hollow cylindrical" is not the broadest reasonable interpretation consistent with the specification. Instead,

and replace the deleted language with:

"[T]his court has expressly rejected the contention that if a patent describes only a single embodiment, the claims of the patent must be construed as being limited to that embodiment." *Liebel-Flarsheim Co. v. Medrad, Inc.*, 358 F.3d 898, 906 (Fed. Cir. 2004). "Even when the specification describes only a single embodiment, the claims of the patent will not be read restrictively unless the patentee has demonstrated a clear intention to limit the claim scope using 'words or expressions of manifest exclusion or restriction.'" *Id.* (quoting *Teleflex,* 299 F.3d at 1327). Because there is no such disavowal here,